**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | § **CASE NUMBER 6:18-CR-00078-JDK** |
| **v.** | § |
| | § |
| | § |
| **RAFAEL RETANO, JR.** | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On May 2, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Rafael Retano, Jr. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Less Than 500 Grams of Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. On December 3, 2019, U.S. District Judge Jeremy Kernodle of the Eastern District of Texas sentenced Defendant to 81 months in prison due to a binding plea agreement, followed by 3 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosures, no possession or consumption of alcoholic beverages, drug after-care, acquiring a high school equivalency certificate, and a $100.00 special assessment. On December 29, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to maintain gainful employment and to notify the probation officer regarding changes or expected changes in employment status at least 10 days prior to the change or within 72 hours of the change. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant failed to notify the probation officer that he has been unemployed since March 15, 2024.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 8 months with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Rafael Retano, Jr.'s plea of true be accepted, and that he be sentenced to a term of imprisonment of 8 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of May, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE